IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JABREEL RAWASHDEH,  :
    Petitioner  :
      :
v.  :  CIVIL NO. 3:17-CV-918
      :
WARDEN PERDUE,  :  (Judge Conaboy)
      :
    Respondent  :



FILED SCRANTON JUN 2 6 2018 Per_____ DEPUTY CLERK

## MEMORANDUM
### Background

Jabreel Rawashdeh filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the Schuylkill Federal Prison Camp, Minersville, Pennsylvania (FPC-Schuylkill). Named as Respondent is Warden R. A. Perdue of FPC-Schuylkill. Service of the petition was previously ordered.

Petitioner sought federal habeas corpus relief on the grounds that the Federal Bureau of Prisons (BOP) was denying him transfer to a Residential Re-entry Center (RRC) until three or four months prior to his projected release date. Petitioner asserted that he should be afforded six to nine months of RRC placement.

Respondent sought dismissal of the petition on the grounds that Petitioner failed to exhaust his administrative remedies and had been properly considered and recommended for RRC

placement.

On June 22, 2018, Respondent filed a "Suggestion of Mootness." Doc. 6, p. 1. The notice states that Petitioner was released from federal custody on June 15, 2018. See id. Attached to the filing is a copy of an entry from the BOP's electronic database confirming the Petitioner was released from federal custody. See id. at Exhibit 1. Accordingly, Respondent contends that since Petitioner has been released, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the

2

complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Petitioner sought his immediate transfer to an RRC. Since Petitioner has been released from BOP custody, under the principles set forth in Steffel, his instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED: June 26th, 2018